UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:04CV-107-M

**HAROLD GENE BROWN**                                                    **PLAINTIFF**

**V.**

**DOLLAR GENERAL STORES, LTD.**
**a/k/a DOLGENCORP, INC.**
**a/k/a DOLLAR GENERAL CORPORATION**
**d/b/a Dollar General Distribution Center**
**in Scottsville, Kentucky**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Dollar General Stores, Ltd., for summary judgment [DN 26]. Fully briefed, this matter stands ripe for decision. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED.**

**I. STANDARD OF REVIEW**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

In this action, Plaintiff, Harold Gene Brown ("Brown"), brings suit against his former employer, Dollar General, the Defendant in this action. His various claims arise out of Defendant's decision to terminate his employment on or about June 28, 2002.

Plaintiff began working at Dollar General in the summer of 1996. For all but the first four months of his employment, Plaintiff worked at Dollar General's Distribution Center in Scottsville, Kentucky. Plaintiff's position was that of Maintenance Mechanic, and he worked a 36-hour week, consisting of three, twelve hour days on Fridays, Saturdays, and Sundays. For most of the duration of his employment with Dollar General, Plaintiff suffered from a condition known as cystinuria. Due to this condition, Plaintiff's body forms multiple and repetitive kidney stones. If he cannot pass the kidney stones, a doctor must remove them.

This condition caused the Plaintiff to miss considerable time at work. Pursuant to the Family Medical Leave Act ("FMLA"), 29 USCS § 2601 et seq., covered employees are permitted 12 weeks of unpaid leave annually. Plaintiff took leave intermittently, which is permissible under the FMLA. 29 U.S.C. § 2612(b)(1). Dollar General calculates FMLA leave on a rolling basis, counting backward from the date on which the most recent leave is to begin. In addition to the 12 weeks of FMLA leave guaranteed under the FMLA, Dollar General voluntarily provides its employees with an additional four weeks of leave, or "Extended Medical Leave." Although Plaintiff worked a 36-hour week, Dollar General afforded him leave time as though he worked a 40-hour week. The FMLA only requires that Brown be eligible for 432 hours of leave (12 weeks @ 36 hours per week). Under Dollar General's voluntary policy, though, Plaintiff had 624 hours of available leave time in each rolling period.

In the middle of 2002, Debbie Birge ("Birge"), a Human Resource Representative for Dollar General, ran a monthly report in which she became aware that Plaintiff had taken a considerable amount of leave during the preceding twelve month period. The report showed that Plaintiff had taken 412 hours of FMLA leave, but the report also indicated that a significant number of Plaintiff's other absences had not been recorded as FMLA absences. In other words, the report listed the Plaintiff as missing whole work-weeks at a time, but it did not list those weeks as FMLA leave. Birge claims that the report alerted her to the fact that there were days where Plaintiff may have taken FMLA leave but that were not listed as such by his supervisor.

Consequently, Birge and Jake Miller ("Miller"), a maintenance supervisor, conducted an audit of the report. For those days where Plaintiff was listed as being absent, but where any absences had not been entered as either FMLA or Extended Medical Leave, and where Plaintiff's supervisor told Miller that Plaintiff had indeed been absent for FMLA-qualifying reasons, Miller counted such absences toward Plaintiff's leave calculation. In sum, the audit revealed that as of June 8, 2002, Plaintiff had used 594.25 hours of FMLA leave and Extended Medical Leave during the previous twelve months. Plaintiff subsequently missed worked due to his health condition on June 14, 15, and 16 of 2002, thus bringing his total hours of work missed under FMLA leave and Extended Medical Leave to 630.25. As Plaintiff had exceeded his allotment of leave time, Dollar General sent him a letter, in accord with their past practices, notifying him that he needed to return to work if able. The letter was returned to sender, and it was later determined that Plaintiff may not have been living at his listed address at the time Dollar General sent the letter. Plaintiff was terminated shortly thereafter. Since his termination in late June of 2002, Plaintiff has applied for only one job, a position as a fireman with the Monroe County Fire and Rescue Department around June of 2005.

In light of his termination, Plaintiff asserts three claims in his Complaint. In Count I, Plaintiff asserts that he was discharged in violation of the FMLA. In Count II, brought pursuant to ERISA, 29 U.S.C.S. § 1001 et seq., Plaintiff alleges that he was discharged for the purpose of interfering with his retirement pension plans. In Count III, Plaintiff alleges a violation of the Kentucky Civil Rights Act. KRS 344.040. Specifically, Plaintiff claims

that the Defendant failed to accommodate his disability. Finally, in his prayer for judgment, Plaintiff asks for, among other things, compensatory damages, including lost back wages.

### III. DISCUSSION

In its motion for summary judgment, the Defendant argues that Plaintiff cannot make out a prima facie case as to any of the alleged violations. In his response, the Plaintiff only argues as to the viability of his FMLA claim, thus, Defendant's motion for summary judgment on Plaintiff's ERISA and disability claims is granted. As to the FMLA claim, the Defendant argues that the Plaintiff received more leave than that to which he was entitled. The Plaintiff contends that the Defendant failed to designate leave as FMLA leave in a contemporaneous manner and failed to provide prompt notice of its treatment of FMLA leave. In reply, Defendant asserts that the Plaintiff received notice, and that even if Plaintiff did not receive notice, it is not required that the Plaintiff receive notice in light of recent changes in the law. Defendant also argues that Plaintiff cannot show prejudice.

Qualifying employees are guaranteed 12 weeks of unpaid leave each year by the FMLA. 29 U.S.C. § 2601 et seq. Courts in this circuit recognize two distinct theories for recovery under the FMLA: "(1) the "entitlement" or "interference" theory and (2) the "retaliation" or "discrimination" theory arising from 29 U.S.C. § 2615(a)(2)." Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004).[1] "Interference" or "entitlement" claims

---

[1] In his brief, the Plaintiff only argues that he has an entitlement claim. Though the Complaint also asserts a retaliation claim, Plaintiff does not advance such a claim in his brief, and he specifically states in his deposition that he does not believed that Dollar General retaliated against him for taking leave. Thus, the retaliation claim is dismissed, and the Court will only consider Plaintiff's interference claim.

arise under 29 U.S.C. § 2615(a)(1), which reads, "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." To establish a prima facie case for an interference claim, a plaintiff must establish the following elements: (1) he was an eligible employee; (2) the employer was a covered employer; (3) he was entitled to leave under the FMLA; (4) he gave the employer notice of his intent to take leave; and (5) the employer denied him FMLA benefits or interfered with FMLA rights to which he was entitled. In this case, there is no dispute that the Plaintiff can make out the first four elements.

To determine if the Plaintiff meets the fifth element of a prima facie interference case, the Court, on these facts, must assess the continued viability of 29 C.F.R. § 825.208 in light of the Supreme Court's recent opinion in Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002), which found a similar regulation, 29 C.F.R. § 700(a), to be invalid. 29 C.F.R. § 700 states in part that "[i]f an employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against an employee's FMLA entitlement." Id. at 88. In finding the regulation invalid, the Court noted, "[t]he challenged regulation is invalid because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice."

The regulation at issue in this case, 29 C.F.R. § 825.208(a) similarly states, "[i]n all circumstances it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee...based only on

-6-

information received from the employee..." If the employer lacks sufficient information as to the reason for the employee's leave, "the employer should inquire further of the employee or the spokesperson to ascertain whether the paid leave is potentially FMLA-qualifying." Id. Even prior to the Supreme Court's decision in Ragsdale, several circuits had found 29 C.F.R. § 825.208 to be invalid. See Ragsdale v. Wolverine Worldwide, Inc., 218 F.3d 933, 937 (8th Cir. 2000); McGregor v. Autozone, Inc., 180 F.3d 1305, 1308 (11th Cir. 1999). Subsequent to the Supreme Court's decision in Ragsdale, several sister courts in this circuit, persuaded by the Supreme Court's reasoning, have found 29 C.F.R. § 825.208 to be invalid as well:

> In Ragsdale, the specific focus of the Court's discussion was the Secretary's regulation found at 29 C.F.R. § 825.700(a) (2001), which states: "If an employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against an employee's FMLA entitlement." The Court's reasoning, however, has broader reach. Other regulations governing the application of the FMLA contain "categorical penalties" and have been held invalid by courts in this Circuit. For instance, 29 C.F.R. § 825.208, upon which the plaintiff here relies, was declared invalid, based on Ragsdale's reasoning, in Donahoo v. Master Data Ctr., 282 F.Supp.2d 540, 555 (E.D.Mich.2003) (observing that "[e]ven though Ragsdale expressly invalidated only § 825.700(a), that regulation's notice provisions are almost identical to those in § 825.208, and its reasoning and holding-that when an employer violates a regulation by failing to give notice that an employee's leave will be counted as their FMLA leave, the employee is not automatically entitled to additional leave or FMLA protection-should apply equally to Plaintiff's argument here"). See also Summers v. Middleton & Reutlinger, P.S.C., 214 F.Supp.2d. 751, 757 (W.D.Ky.2002) (finding that Ragsdale impliedly overruled Plant[2], and holding that the plaintiff must show actual

---

[2] In Plant v. Morton Int'l, Inc., 212 F.3d 929, 935-36 (6th Cir. 2000), the Sixth Circuit split with several other circuits in finding 29 C.F.R. 825.208(a) and (c) to be valid. Plant, however, was decided prior to the Supreme Court's decision in Ragsdale, and several courts within this circuit have recognized that the Sixth Circuit's decision in Plant may no longer be good law and have consequently found the regulation to be invalid. See e.g., Donahoo,

> prejudice as a result of the defendant's failure to notify her that her leave was an FMLA leave); Roberson v. Cendant Travel Servs., Inc., 252 F.Supp.2d. 573, 577 (M.D.Tenn.2002) (same). This Court likewise concludes that an employer's violation of the notice regulations, specifically 29 C.F.R. § 825.208, does not automatically entitle an employee to additional leave beyond 12 weeks or establish a right to recovery under 29 U.S.C. §§ 2615 and 2617.

Thompson v. Diocese of Saginaw, No. 02-10267-BC, 2004 WL 45519, at *7 (E.D. Mich. Jan 6, 2004); see also Bukta v. J.C. Penney Co., 359 F. Supp. 2d 649, 660-61 (N.D. Ohio 2004) (same); Phillips v. Leroy-Somer North Am., No. 01-1046-T, 2003 U.S. Dist. LEXIS 5349, at *17(W.D. Tenn. Mar. 28, 2003) (noting that the § 825.208 is invalid because it is incompatible with the FMLA's comprehensive remedial mechanism since 29 U.S.C. § 2617 provides no relief unless the employee has been prejudiced by the violation).

In his surreply, the Plaintiff cites the case of Saroli v. Automation & Modular Components, Inc., 405 F.3d 446 to support his argument that 29 C.F.R. § 825.208 is valid. In that case, the court cited 29 C.F.R. § 825.208 and noted that the defendant/employer violated the regulation. The court in Saroli, however, did not analyze whether the regulation was valid in light of Ragsdale nor did it address subsequent cases from district courts throughout the Sixth Circuit which have subsequently found § 825.208 to be invalid. As the validity of the regulation was not at issue, the Court finds this opinion to be ultimately unpersuasive. The Court believes that if and when the Sixth Circuit squarely addresses the continuing viability of § 825.208, it will find that regulation to be invalid. No fewer than six sister courts in the Sixth Circuit have already done so. In light of the Supreme Court's

---

282 F.Supp. 2d at 555.

opinion in Ragsdale and its intended effects as determined by courts in this circuit, the Court joins those other courts which have concluded that 29 C.F.R. § 825.208 is invalid.

Since Plaintiff is unable to rely on notice regulations, he must show prejudice.[3][4] "To prevail under the cause of action set out in § 2617 of the FMLA, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation. Thompson, 2004 WL 45519, at *6. Therefore, Plaintiff cannot merely rely on the fact that Defendant designated his FMLA leave retrospectively; rather, he must demonstrate that his rights under the FMLA were violated and that he was harmed as a result. See Ragsdale, 533 U.S. at 91 (noting that a determination of prejudice involves an inquiry into matters such as whether the employee would have exercised his or her FMLA rights in the absence of the employer's actions). For instance, the court in Summers, 214 F.Supp.2d. at 757 concluded that the "[p]laintiff has presented no evidence of prejudice resulting from defendant's retroactive FMLA leave designation. In fact, she testified she did not feel she was ready to perform legal secretarial work as late as January, 1998." Moreover, to be protected under the FMLA, the employee must not take more than 12 weeks, or, in this case, 432 hours, of leave.

---

[3]Since the Court has found the notice provision of 29 C.F.R. § 825.208 to be invalid, it need not address Defendant's argument that it satisfied the notice provision of that regulation.

[4]Plaintiff also argues that "retroactive, handwritten record-keeping does not create the kind of reliable records contemplated by the Act" and thus violate 29 C.F.R. § 825.500. However, 29 C.F.R. § 825.500(b) specifically states: "Form of record. No particular order or form of records is required." Thus, Birge's alteration of the records after her audit is permissible under the regulation.

> Twelve weeks is both the minimum and the maximum amount of leave to which the employee is entitled under the FMLA. See, e.g., Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 96, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002) (affirming principle that FMLA statute does not require employers to give more than twelve weeks of FMLA leave; striking down regulation which would require more leave if employer failed to designate leave taken as FMLA leave). Once an employee exceeds his twelve work weeks...of FMLA leave, additional leave in the twelve month period is not protected by the FMLA, and termination of the employee will not violate the FMLA. See Cehrs v. Northeast Ohio Alzheimer's Research Ctr., 155 F.3d 775, 784-85 (6th Cir.1998) (because plaintiff could have been terminated on date her FMLA leave expired without running afoul of FMLA, employer's decision to terminate her three weeks after expiration date did not violate FMLA).

Manns v. ArvinMeritor, Inc., 291 F.Supp.2d 655, 660 (N.D. Ohio 2003).

Here, Plaintiff has not shown that he was prejudiced in a manner that would effect his FMLA leave. Plaintiff stated that the effects of cystinuria on his ability to work could not be foreseen and that there were times when he just was not well enough to come to work. Such testimony illustrates that Plaintiff could not have made the choice to attend work despite a dwindling amount of leave time. In his deposition, Plaintiff identified 144 hours of time in which he was absent from work that he does not think should have been counted toward his FMLA usage. Even assuming Plaintiff is correct in this argument, he still took 486.25 hours of FMLA leave during the last year of his employment, well more than the 432 hours to which he was entitled. Plaintiff has provided no reason to believe that he could have come to work during any of the 486.25 hours he missed due to illness, and as the effects of his illness could not be foreseen, he cannot show prejudice. While Plaintiff may possibly have some cause of action for the hours he claims were denied to him, it is not a claim recognized by the FMLA, which guarantees him 432 hours and no more.

Finally, Plaintiff's claim for lost wages is likewise dismissed as his FMLA claim cannot survive summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [DN 26] is **GRANTED.**

cc: counsel of record
04cv-107Brown